

Yoshio I. Acosta
Reg. No. 73486-280
Federal Corrections Complex
Victorville 2
P.O. Box 3850
Adelanto, CA 92301

pro se litigant

LODGED
CLERK, U.S. DISTRICT COURT

NOV 1 5 2016

CENTRAL DISTRICT OF CAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Yoshio I. Acosta,

        Plaintiff,

        vs.

Mark Mclean,
Paramount Recovery Systems,

        Defendants.

Case no.

CV16-08477

COMPLAINT

JURISDICTION

1. This is an action for damages for violation of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The jurisdiction of this court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

CLAIM FOR RELIEF

1. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

2. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

Claim One: Violation of 28 U.S.C. 1692e(2)(A)

4. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act when defendant reported to Equifax Information Services, Experian Information Systems, and Trans Union LLC that the plaintiff is in default with the defendant for the amount of $ 240.00 & 545.00.(Exhibit A).

5. Question (9) of hte "Debt Collector Disclosure Statement" asks, "Regarding this alleged account, if the Debt Collector is different from alleged Original Creditor, does the Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged original creditor and alleged debtor?" The defendant never responded to this question (See Exhibit B).

6. The "CAVEAT" on page 3, section 4(b)(I) of the "Notice of Administrative Remedy" says, the "Debt Collector's failure in pproviding respondent the requisite verification validating the above referenced alleged debt within the requirements of law...debt collector tacticly agrees that: (1) Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced account." (see Exhibit B)

7. The defendant intended to manipulate the plaintiff by falsely representing the alleged debt even though it was never assigned by the original creditor. The defendant agrees, in its response to the plaintiff, that it had no lawful, bona fide, verifiable claim against the plaintiff to collect a debt. Further, it never sent any proof of assignment of debt from the original creditor. Tourgeman v. Collins Fin. Servs. 755 F 3d 1119 under the "false representation of the character, amount, or legal status of any debt" is prohibited by the FDCPA. The defendant never sent any proof of assignment of debt from the original creditor, and admitted it did not have a claim on the debt. This has

false in representation of the character, amount and legal status of the debt.

8. the plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the violation of 15 U.S.C. § 1692e(2)(A) made by the defendant.

Claim two: Violation of 28 U.S.C. 1692e(8)

9. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act (FDCPA) when the defendant communicated to the Credit Reporting Agencies (CRA) information which it should have known to be false

10. The plaintiff asked the defendant to validate the debt; on 11/04/15 and sent it "Debt Disclosure Statement" which warned the defendant that a claim would be filed for non-compliance. The defendant failed to validate the debt and agreed that it did not have a claim on the accounts. Thus, the defendant violated its statutory duty to NOT report to the CRAs information that it should have known to be false.

11. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for violation of 15 U.S.C. § 1692e(8) made by the defendant.

Claim Three: Violation of 15 U.S.C. 1692e(10)

12. The plaintiff asserts that the defendnat violated section 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA") when the defendant used false and deceptive means to collect debts from the plaintiff that the original creditor had written off and/or later reported their balances owed or charged-off. Further, the defendant which is not no lawful claim on the debts it was attempting to collect. By using false information, the defendant attempted to gain an advantage of an

1  unsophisticated consumer through false misrepresentation.

2      13. Heathman v. Porfolio Recovery Assoc. LLC, U.S. Dist. LEXIS 27057

3  (9th Cir. 2013) states, "A debt collector violats [Section 1692e(10)] of it

4  use[s]...a false representation or deceptive means to collect or attempt

5  to collect any debts ro to obtain information concerning a consumer

6  (a debt collectors representation that a debt is owed to it when in

7  fact it is not amounts to a misrepresentation barred by the "FDCPA".)

8      14. The plaintiff hereby seeks statutory damgaes in the amount of

9  $1,000.00 for violation of 15 U.S.C. §1692e(10) made by the defendant.

10

11  Claim Four: Actual Damages Suffered by the Plaintiff Pursuant to
              15 U.S.C. § 1692k.

12

13      15. The plaintiff assets that the defendant violated section(s)

14  16 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) of the Fair Debt Collections

15  Practices Act which subject the defendant to Actual Damages. 15 U.S.C.

16  § 1692K STATES,"Except as otherwise provided by this section, any debt

17  collector who fails to comply with any provision fo this title [15 U.S.C.S.

18  §§ 1692 et. seq.] with respect to any person, is liable to such person in

19  an amount equal to the sum of: § 1692k(a)(1) any actual damages sustained

20  by such person as a result of such failure.

21      16. In consideration the proof required to substantiate a damage

22  award for violations of the FDCPA, courts have noted the statutes similarity

23  to the ("FCRA"). See Coats, 634 F. Supp. 2d 1069 2007 WL 4526210 at 7;

24  Bambiasl, 2007 U.S. Dist. LEXIS 17265, 2007 WL 738642 at *2 (Death v.

25  Law Offices of Mitchell N. Kay, 224 F.3 175, 185 (7 Cir. 1991) Like the

26  FDCPA, the FCRA  Has FCR has the purpose of combating abusive credit

27  debit practices. See 15 U.S.C. § 1681 (FCRA statement of purpose). The

28  damages provision of the FCRA is virtually identical to that of the FDCPA

1  providing that a person who negligently or willfully fails to comply
2  with the provision of the statute is liable for "any actual damages
3  sustained by the consumer." 15 U.S.C. §§ 1681n, 1681o; see also 15
4  U.S.C. § 1692k(a)(1). Please reference the damages provision of the FDCPA.

5     17. The plaintiff alleges that she has suffered emotional distress,
6  humiliation, pain and suffering due to the uncooperative actions by the
7  defendant and its deceptive methods of operations. The plaintiff exercised
8  his statutory right and asked the defendant to validate the debts that
9  he was disputing on 11/04/15 the plaintiff sent the defendant a "Debt
10 Disclosure Statement" which warned the defendant that a claim would be
11 filed for non-compliance (see exhibit B). In the "consumer's Private Notice
12 of Administrative Remedy" it stated that a written communication for
13 validation of alleged debt(s) pursuant to the FDCPA 15 U.S.C. § 1692(a)(1)
14 was needed. It should be noted that the defendant failed to validate the
15 debt and agreed that it did not have a verifiable lawful claim upon
16 the debt it was trying to collect on.

17     18. The plaintiff currently teaches adult continuing education and
18 is partially responsible for over 100 inmates receiving their education.
19 Part of the plaintiffs job is to help inmates with re-entry affairs and
20 by helping other inmates re-enter society he is also helping himself
21 rehabilitate. However, in dealing with defendant he has had to cutback
22 on his rehabilitation efforts.

23     19. The plaintiff is soon to be released back into his community
24 and as an educator he understands the importance of personal credit. The
25 plaintiff has never showed any signs of aberrant behavior until dealing
26 with the defendant regarding this matter. It should be duly emphasized
27 He has experienced severe migraines linked to stress related to this
28 matter and has to now take painfull Sumatriptan Succinate Injections for his

1  pain. He is also experiencing headaches, chest pain, anxiety

2  stress, diarrhea, constipation, neck tension, eating disorders and depression

3  all attributed to emotional, physical and psychological distress.

4  All of these physical and psychological problems have

5  also retarded the plaintiffs rehabilitation efforts which have and will

6  continue to have adversarial affects on plaintiff, his family and other

7  inmates.

8       20. Further plaintiff has been denied educational aid to assist him in

9  continuing his higher education and thus rehabilitation and a successfull

10  re-entry into society due to the defendant. Plaintiff contacted "Project

11  Begin Again", a non profit organization that helps prisioners re-enter

12  society, to asks for financial assistance to continue his pursuit of a

13  college degree. However, do to the negative items in plaintiffs credit report

14  he was turned down. Here the plaintiff was denied the possibility to at least

15  $ 20,000.00 in finance assistance from Project Begin Again and to the

16  possibility of future earnings upon his release and a better life for his

17  family and himself.

18       21. Under the FDCPA, plaintiff is entitled to any actual damages

19  resulting from defentant's violations. 15 U.S.C. 1629k(A)9(1). Actual

20  damages may include recovery for emotional distress such as emberassment,

21  fear, nausea, and other symptoms arising from a defendant's violations

22  Powell v. Blackrock Asset. Mgmt., LLC, 2011 U.S. LEXIS 69178 WL 4551450,

23  at 3(C.D. Cal 2011).

24       22. Eden v. Midland Credit Management, Inc., 748 F. Supp. 2d 1030, 1041

25  (D. Minn 2010) states, "The Court recognizes that a consumer in this situation

26  emotional distress has suffered "actual damages" even though the emotional

27  distress was not severe." Humes v. LVNV Funding, LLC., 496 BR 77 (2011, BC

28  ED Ark) states, Collection Agency Violated Fair Debt Collection Practices

Act and included compensation for anxiety and humiliation.

23. The defendant showed complete disregard when asked to comply with the plaintiff's request to show proof and evidence of debt, as required by the Fair Debt Collection Practices Act and further it grossly neglected its statutory duty when it attempted to collect on a debt that it knew it had no lawfully verifiable claim upon.

24. The plaintiff has had to place his rehabilitation on hold and cut back on his job and education due to the defendant. He has suffered severe migrains, painful treatment, headaches, chest pain, diarrhea, constipation, depression, neck tension, eating disorder, embarrasment, anxiety, mental anguish, pain and the possibility of attaining thousands of dollars towards a higher education which has been statistically proven to be necessary, to successfully re-enter society and reduce recidivism and ultimately a better life for the plaintiff and his family.

25. The plaintiff hereby seeks that the court grant him $50,000.00 for actual damages suffered for defendant having violated the following statutes of the Fair Debt Collection Practices Act: 15 U.S.C. §§ 1692e(2)(A), 1692e(8), and 1692e(10).

PRAYER

Plaintiff demands judgement against the defendant as follows:

A. Actual damages in the sum of $50,000.00 together with interest.

B. Additional statutory damages int he amount of $1,000.00 for having violated section(s) 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) of the Fair Debt Collection Practices Act.

C. Costs of this action in the sum of $500.00

DATED: 09-30-16

BY:
In Pro Litigant

7

# EXHIBIT

# A

<u>NOTICE</u>

DATE: 11-04-2015

Yoshio I Acosta
<u>(Consumer)</u>

Mark Mclean-President
<u>Paramount Recovery</u> Systems
**(Debt Collector)**

**Certified Mail Number**
#
**Social Security Number**
# XXX-XX-4534
**Alleged Account(s)**
# MACSQPMS16271xxxxx --A
  MACSQPMS16300XXXXX --B

SUBJECT: <u>Request for Validation of Debt, and Notice of Reservation of</u>
<u>Rights for initiating a Counter Claim against the Debt Collector's</u>
<u>official Bond.</u>

Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding
upon every principle agent regarding the subject matter set forth
herein above.

<u>Written communication for Validation of alleged debt(s) pursuant</u>
<u>to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).</u>

It has come to my attention after reviewing a copy of my credit
report dated <u>10/12/2015</u> that your agency has communicated to
Equifax, Transunion or Experian that I owe ($) <u>A)$240 B)$545</u>
to your company. Please note that I consider your demand for money
a written communication from a debt collector. I now exercise my
rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation
of the alleged debt.

I have included with this notice for proof of debt also known as
a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose
of insuring that your agency's validation is executed in accordance
with the laws codified in TITLE 15 U.S.C. § 1692g and must be
completed in full by your agency and returned to me within thirty days

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1.    I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS §§ 1692 et seq.].

2.    Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the FAIR DEBT COLLECTION PRACTICES ACT.

3.    If debt collector, such as by commission, omission, and other wise:

   (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

   (b) Makes false representation of the character of herein above referenced alleged debt.

   (c) Makes false representation of the legal status of the herein above referenced alleged debt.

   (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the FAIR DEBT COLLECTION PRACTICES ACT.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.    Debt Collector is also hereby given Notice that:

PAGE 2 of 5

DISCLOSURE STATEMENT ATTACHED

(a) Debt Collector's unsubstantiated demand for payment. A a scheme to be delivered by mail may constitute mail fraud under the State and Federal Laws. (Debt Collector may wish to consult with a competent legal council before originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the requisite Verification, Validating the above referenced alleged debt within the requirements of law as coded in the FAIR DEBT COLLECTION PRACTICES ACT and the corresponding laws of each state signifies that debt collector tacitly agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will compensate respondent for al cost, fees, and expenses incurred in defending against this claim and any continued fraudulent collection attempts regarding the above referenced alleged account.

5.   This is also an attempt for determining the nature and basis of a case or counterclaim against the debt collector, and any information contained within debt collector's commission, omission, and the like will be used for that purpose.

THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A

COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

Mark Mclean-President
Paramount Recovery System
NAME OF COMPANY OR BOND HOLDER

## ***CAVEAT***

7.      In the event that the debt collector does not respond to this
"Notice" within the prescribed time limit for reponlle and there has
likewise been no request for extension of time with good cause shown
therein, then the debt collector agrees that debt collector has
submitted a fraudulent claim against respondent, and reespondent can
file a law suit for costs, fees, and injuries incurred defending
against this fraudulent collection by debt collector regarding the
above referenced account.

## VERIFICATION AND CERTIFICATION

8.    The undersigned consumer, <u>Yoshio I Acosta</u>    does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this <u>4th</u> day of <u>November</u>.2015

<u>(Signature of Consumer)</u>

## PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a   "**Notice for Validation of Debt**" (5 Pages) and "**Debt Collector's Disclosure Statement**" (3 Pages) to all parties listed below at:

<u>Paramount Recovery System</u>
<u>105 Deanna Street</u>

<u>Robinson, Texas 76706</u>

On this <u>4th</u>    day of <u>November 2015</u> , I certify this to be true, correct, and complete.

<u>(Signature of Consumer)</u>

PAGE 5 of 5

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Paramount Library Systems
105 Dennis Street
Galveston, T X 76 XX

A. Signature
X _____ □ Agent
□ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below:  □ No

3. Service Type
☑ Certified Mail®    □ Priority Mail Express™
□ Registered          □ Return Receipt for Merchandise
□ Insured Mail        □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        □ Yes

2. Article Number
(Transfer from service label)

7009 2820 0002 4554 7094

PS Form 3811, July 2013        Domestic Return Receipt

# EXHIBIT

# B

# EQUIFAX

**CREDIT FILE : October 12, 2015**

**Confirmation # 5285003525**

**Please address all future correspondence to:**



www.investigate.equifax.com

Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

**Personal Identification Information** *(This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)*

Name On File:       Yoshio I Acosta
Social Security #   XXX-XX-4534      Age: 30
Current Address:    10364 Valle Fertil Dr, El Paso, TX 79927  Reported: 10/2015
Previous Address(es): 9030 Betel Dr Apt F11, El Paso, TX 79907  Reported: 09/2011
                    4649 Turf Rd Trlr 9, El Paso, TX 79938  Reported: 07/2014
                    15580 Salt Bush Dr, El Paso, TX 79938  Reported: 12/2013
                    15100 Gwendolyn Dr, El Paso, TX 79938  Reported: 11/2011
                    367 Escalante Dr, Socorro, TX 79927  Reported: 09/2010
                    1287g Reid Rd, El Paso, TX 79927  Reported: 05/2015
                    10308 Reid Rd, El Paso, TX 79927  (915) 858-8769  Reported: 11/2011

**Public Record Information** *(This section includes public record items obtained from local, state and federal courts.)*

Wage Earner Plan Filed 12/2007: US Bankruptcy Court-EL Paso; Case or ID # - 0731633; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 03/05/2009; Date Reported 03/11/2009; Prior Disposition - CH-13 Filed; **Address:** 8515 LOCKHEED DR EL PASO, TX 79925-1218 ; (915) 779-7362

Lien Filed 01/2008: EL Paso County Clerk - EL Paso; Case or ID # - 20080007741; Amount - $4,543 ; Class - Federal; **Address:** 500 E SAN ANTONIO AVE RM 105  EL PASO, TX 79901-2420 ; (915) 546-2071

**Collection Agency Information** *(This section includes accounts that credit grantors have placed for collection with a collection agency.)*

Syndicated Office Systems; Collection Reported 03/2011; Assigned 05/2010; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $887 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 02/2010; Balance as of 03/2011 - $887 ; Individual Account; Account # - 1026281781; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 12/2009; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $1,255 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 09/2009; Balance as of 03/2011 - $1,255 ; Individual Account; Account # - 9750046740; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 09/2009; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $695 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 05/2009; Balance as of 03/2011 - $695 ; Individual Account; Account # - 941800677; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 07/2010; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $449 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 04/2010; Balance as of 03/2011 - $449 ; Individual Account; Account # - 1042590015; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Commonwealth Financial Systems; Collection Reported 05/2015; Assigned 04/2015; Client - Chamizal Emergency Physicians; Amount - $506 ; Status as of 05/2015 - Unpaid; Date of 1st Delinquency 02/2010; Balance as of 05/2015 - $506 ; Individual Account; Account # - D653261138N1; **Address:** 245 Main St Dickson City PA 18519-1641

Paramount Recovery Systems; Collection Reported 09/2015; Assigned 08/2010; Creditor Class - Medical/Health Care; Client - Questcare ER Del SOL Medical; Amount - $545 ; Status as of 09/2015 - Unpaid; Date of 1st Delinquency 06/2010; Balance as of 09/2015 - $545 ; Individual Account; Account # - MACSQPMS163000653; **Address:** 111 E Center St Lorena TX 76655-9651 ; (254) 857-7007

Paramount Recovery Systems; Collection Reported 09/2015; Assigned 12/2009; Creditor Class - Medical/Health Care; Client - Questcare ER Del SOL Medical; Amount - $240 ; Status as of 09/2015 - Unpaid; Date of 1st Delinquency 09/2009; Balance as of 09/2015 - $240 ; Individual Account; Account # - MACSQPMS162712780; **Address:** 111 E Center St Lorena TX 76655-9651 ; (254) 857-7007

5285003525GER-002051448- 774 - 871  - AS

( Continued On Next Page )

CERTIFICATE OF SERVICE

I Certify that a true and correct copy of the attached
together with all attachments, exhibits, and supporting papers, were
served by sent properly addressed envelope with first class postage duly
paid, and hand delivered to the proper prision mail personnel, in accordance
with <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988), to:

the Clerk of the Court
for the U.S. District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

Dated and Executed this __30__ day of __September__, 201_6_ .

I declare under the penalty of perjury that the foregoing
is true and correct to the best of my knowledge. Executed at Adelanto,
California.

By: _____ .

