```
Yoshio I. Acosta
Reg. No. 73486-280
Federal Corrections Complex
Victorville 2
P.O. Box 3850
Adelanto, CA 92301

pro se litigant
```

FILED
CLERK U.S DISTRICT COURT
DEC 20 2016
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

LODGED
CLERK U.S. DISTRICT COURT
NOV 15 2016
CENTRAL DISTRICT OF CAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Yoshio I. Acosta,

    Plaintiff,

vs.

Mark McLean,
Paramount Recovery Systems,

    Defendants.

Case no. CV16-08477 FMO(PLA)

**COMPLAINT**

## JURISDICTION

1. This is an action for damages for violation of the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The jurisdiction of this court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

## CLAIM FOR RELIEF

2. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

3. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

1

Claim One: Violation of 28 U.S.C. 1692e(2)(A)

4. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act when defendant reported to Equifax Information Services, Experian Information Systems, and Trans Union LLC that the plaintiff is in default with the defendant for the amount of $ 240.00 & 545.00.(Exhibit A).

5. Question (9) of hte "Debt Collector Disclosure Statement" asks, "Regarding this alleged account, if the Debt Collector is different from alleged Original Creditor, does the Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged original creditor and alleged debtor?" The defendant never responded to this question (See Exhibit B).

6. The "CAVEAT" on page 3, section 4(b)(I) of the "Notice of Administrative Remedy" says, the "Debt Collector's failure in pproviding respondent the requisite verification validating the above referenced alleged debt within the requirements of law...debt collector tacticly agrees that: (1) Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced account." (see Exhibit B)

7. The defendant intended to manipulate the plaintiff by falsely representing the alleged debt even though it was never assigned by the original creditor. The defendant agrees, in its response to the plaintiff, that it had no lawful, bona fide, verifiable claim against the plaintiff to collect a debt. Further, it never sent any proof of assignment of debt from the original creditor. Tourgeman v. Collins Fin. Servs, 755 F.3d 1119 states the "false representation of the character, amount, or legal status of any debt" is prohibited by the ("FDCPA"). The defendant never sent any proof of assignment of debt from the original creditor, and admitted it did not have a claim on the debt. This was

1. false in representation of the character, amount and legal status of the debt.

8. the plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the violation of 15 U.S.C. § 1692e(2)(A) made by the defendant.

Claim two: Violation of 28 U.S.C. 1692e(8)

9. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act (FDCPA) when the defendant communicated to the Credit Reporting Agencies (CRA) information which it should have known to be false

10. The plaintiff asked the defendant to validate the debt; on 11/04/15 and sent it "Debt Disclosure Statement" which warned the defendant that a claim would be filed for non-compliance. The defendant failed to validate the debt and agreed that it did not have a claim on the accounts. Thus, the defendant violated its statutory duty to <u>NOT</u> report to the CRAs information that it should have known to be false.

11. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for violation of 15 U.S.C. § 1692e(8) made by the defendant.

Claim Three: Violation of 15 U.S.C. 1692e(10)

12. The plaintiff asserts that the defendnat violated section 15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA") when the defendant used false and deceptive means to collect debts from the plaintiff when the original creditor had written off the debt against their balance sheet as a charge off. Further, the defendant agreed it had no lawful claim on the debts it was attempting to collect. By communicating false information, the defendant attempted to gain an advantage of an

3

unsophisticated consumer through false misrepresentation.

13. Heathman v. Porfolio Recovery Assoc. LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violats [Section 1692e(10)] of it use[s]...a false representation or deceptive means to collect or attempt to collect any debts ro to obtain information concerning a consumer (a debt collectors representation that a debt is owed to it when in fact it is not amounts to a misrepresentation barred by the "FDCPA".)

14. The plaintiff hereby seeks statutory damgaes in the amount of $1,000.00 for violation of 15 U.S.C. §1692e(10) made by the defendant.

Claim Four: Actual Damages Suffered by the Plaintiff Pursuant to 15 U.S.C. § 1692k.

15. The plaintiff assets that the defendant violated section(s) 16 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) of the Fair Debt Collections Practices Act which subject the defendant to Actual Damages. 15 U.S.C. § 1692K STATES,"Except as otherwise provided by this section, any debt collector who fails to comply with any provision fo this title [15 U.S.C.S. §§ 1692 et. seq.] with respect to any person, is liable to such person in an amount equal to the sum of: § 1692k(a)(1) any actual damages sustained by such person as a result of such failure.

16. In consideration the proof required to substantiate a damage award for violations of the FDCPA, courts have noted the statutes similarity to the ("FCRA"). See Costa, 634 F. Supp. 2d 1069 2007 WL 4526510 at 7; Panahiasl, 2007 U.S. Dist. LEXIS 17269, 2007 WL 738642 at 1-2 ; Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D.Del. 1991). Like the FDCPA, the FCRA, the FCRA has the purpose of protecting consumers from unfair practices. See 15 U.S.C. § 1681 (FCRA Statement of purpose) The damages provision of the FCRA is virtually identical to that of the FDCPA

providing that a person who negligently or willfully fails to comply with the provision of the statute is liable for "any actual damages sustained by the consumer." 15 U.S.C. §§ 1681n, 1681o; see also 15 U.S.C. § 1692k(a)(1). Please reference the damages provision of the FDCPA.

17. The plaintiff alleges that the has suffered emotional distress, humiliation, pain and suffering due to the uncooperative actions by the defendant and its deceptive methods of operations. The plaintiff exercised his statutory right and asked the defendant to validate the debts that he was disputing on 11/04/15 the plaintiff sent the defendant a "Debt Disclosure Statement" which warned the defendant that a claim would be filed for non-compliance (see exhibit B). In the "consumer's Private Notice of Administrative Remedy" it stated that a written communication for validation of alleged debt(s) pursuant to the FDCPA 15 U.S.C. § 1692(a)(1) was needed. It should be noted that the defendant failed to validate the debt and agreed that it did not have a verifiable lawful claim upon the debt it was trying to collect on.

18. The plaintiff currently teaches adult continuing education and is partially responsible for over 100 inmates receiving their education. Part of the plaintiffs job is to help inmates with re-entry affairs and by helping other inmates re-enter society he is also helping himself rehabilitate. However, in dealing with defendant he has had to cutback on his rehabilitation efforts.

19. The plaintiff is soon to be released back into his community and as an educator he understnads the importance of personal credit. The plaintiff has never showed any signs of abnormal behavior until dealing with the defendant regarding this matter set forth in this complaint. He has experienced severe migraines induced by stress related to this matter and has to now take painfull Sumatripan Succinate Injections for the

pain. He is also experiencing headaches, chest pain, anxiety stress, diarrhea, constipation, neck tension, eating disorders and depression all attributed to emotional, physical and psychological distress. All of these physical and psychological problems have also retarded the plaintiffs rehabilitation efforts which have and will continue to have adversarial affects on plaintiff, his family and other inmates.

20. Further plaintiff has been denied educational aid to assist him in continuing his higher education and thus rehabilitation and a successfull re-entry into society due to the defendant. Plaintiff contacted "Project Begin Again", a non profit organization that helps prisoners re-enter society, to asks for financial assistance to continue his pursuit of a college degree. However, do to the negative items in plaintiffs credit report he was turned down. Here the plaintiff was denied the possibility to at least $20,000.00 in finance assistance from Project Begin Again and to the possibility of future earnings upon his release and a better life for his family and himself.

21. Under the FDCPA, plaintiff is entitled to any actual damages resulting from defendant's violations. 15 U.S.C. 1629k(A09(1). Actual damages may include recovery for emotional distress such as emberassment, fear, nausaaa, and other symptoms arising from a defendant's violations Powell v. Blackrock Asset. Mgmt., LLC, 2011 U.S. LEXIS 69178 WL 4551450, at 3(C.D. Cal 2011).

22. Eden v. Midland Credit Management, Inc., 748 F. Supp. 2d 1030, 1041 (D. Minn 2010) states, "The Court recognizes that a consumer who has suffered emotional distress has suffered "actual damages", even though the emotional distress was not severe." Humes v. LVNV Funding, LLC., 496 BR 557 (2013, BC ED Ark) states, Collection Agency Violated Fair Debt Collection Practices

6

Act and included compensation for anxiety and humiliation.

23. The defendant showed complete disregard when asked to comply with the plaintiff's request to show proof and evidence of debt, as required by the Fair Debt Collection Practices Act and further it grossly neglected its statutory duty when it attempted to collect on a debt that it knew it had no lawfully verifiable claim upon.

24. The plaintiff has had to place his rehabilitation on hold and cut back on his job and education due to the defendant. He has suffered severe migrains, painful treatment, headaches, chest pain, diarrhea, constipation, depression, neck tension, eating disorder, embarrasment, anxiety, mental anguish, pain and the possibility of attaining thousands of dollars towards a higher education which has been statistically proven to be necessary to successfully re-enter society and reduce recidivism and ultimately a better life for the plaintiff and his family.

25. The plaintiff hereby seeks that the court grant him $50,000.00 for actual damages suffered for defendant having violated the following statutes of the Fair Debt Collection Practices Act: 15 U.S.C. §§ 1692e(2)(A), 1692e(8), and 1692e(10).

## PRAYER

Plaintiff demands judgement against the defendant as follows:

A. Actual damages in the sum of $50,000.00 together with interest.

B. Additional statutory damgaes in the amount of $1,000.00 for having violated section(s) 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) of the Fair Deebt Collection Practices Act.

C. Costs of this action in the sum of $500.00

DATED: 09-30-16                    BY: [signature]
                                        pro se litigant

7

# EXHIBIT

# A



Case 2:16-cv-08477-FMO-PLA   Document 2   Filed 12/20/16   Page 8 of 19   Page ID #:47

## NOTICE

**DATE:** 11-04-2015

**Certified Mail Number**
#

**Social Security Number**
# XXX-XX-4534

Yoshio I Acosta
(Consumer)

Mark Mclean-President
Paramount Recovery Systems
(Debt Collector)

**Alleged Account(s)**
# MACSQPMS16271xxxxx --A
MACSQPMS16300XXXXX --B

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for Initiating a Counter Claim against the Debt Collector's official Bond.

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

### Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 10/12/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) A)$240 B)$545 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within thirty day

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1. I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2. Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT**.

3. If debt collector, such as by commission, omission, and otherwise:

    (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

    (b) Makes false representation of the character of herein above referenced alleged debt.

    (c) Makes false representation of the legal status of the herein above referenced alleged debt.

    (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT**.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4. Debt Collector is also hereby given Notice that:

**DISCLOSURE STATEMENT ATTACHED**

(a) Debt Collector's unsubstantiated demand for payment. A a scheme to be delivered by mail may constitute mail fraud under the State and Federal Laws. (Debt Collector may wish to consult with a competent legal council before originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the requisite Verification, Validating the above referenced alleged debt within the requirements of law as coded in the **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding laws of each state signifies that debt collector tacitly agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will compensate respondent for al cost, fees, and expenses incurred in defending against this claim and any continued fraudulent collection attempts regarding the above referenced alleged account.

5.   This is also an attempt for determining the nature and basis of a case or counterclaim against the debt collector, and any information contained within debt collector's commission, omission, and the like will be used for that purpose.

PAGE 3 of 5

## THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

Mark Mclean-President
Paramount Recovery System
**NAME OF COMPANY OR BOND HOLDER**

### ***CAVEAT***

7. In the event that the debt collector does not respond to this "Notice" within the prescribed time limit for reponlle and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt collector has submitted a fraudulent claim against respondent, and reespondent can file a law suit for costs, fees, and injuries incurred defending against this fraudulent collection by debt collector regarding the above referenced account.

## VERIFICATION AND CERTIFICATION

8. The undersigned consumer, <u>Yoshio I Acosta</u> does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this <u>4th</u> day of <u>November</u>, 2015

_(signature)_

(Signature of Consumer)

## PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a "**Notice for Validation of Debt**" (5 Pages) and "**Debt Collector's Disclosure Statement**" (3 Pages) to all parties listed below at:

<u>Paramount Recovery System</u>
<u>105 Deanna Street</u>
<u>Robinson, Texas 76706</u>

On this <u>4th</u> day of <u>November 2015</u>, I certify this to be true, correct, and complete.

_(signature)_

(Signature of Consumer)

PAGE 5 of 5

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X *Vicki P. DaShazo*  ☐ Agent  ☒ Addressee

B. Received by (Printed Name): *Vicki P. DaShazo*
C. Date of Delivery: 1-17-15

1. Article Addressed to:

   Paramount Recovery Systems
   105 Deanna Street
   Robinson, TX 76706

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label):  7009 2820 0002 4554 7094

PS Form 3811, July 2013   Domestic Return Receipt

---

Sender: Please print your name, address, and ZIP+4® in this box

Yoshie T. Hirosh, Paralegal
Federal Correctional Institute I
Post Office Box 3850
Adelanto, CA 93301

UNITED STATES POSTAL SERVICE
DALLAS, TX
13 NOV '15  PM 5L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



# EQUIFAX

**CREDIT FILE:** October 12, 2015

Confirmation # 5285003525

**Personal Identification Information** (This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)

Please address all future correspondence to:



www.investigate.equifax.com

Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

| | |
|---|---|
| Name On File: | Yoshio I Acosta |
| Social Security #: | XXX-XX-4534    Age: 30 |
| Current Address: | 10364 Valle Fertil Dr, El Paso, TX 79927  Reported: 10/2015 |
| Previous Address(es): | 9030 Betel Dr Apt F11, El Paso, TX 79907  Reported: 09/2011 |
| | 4649 Turf Rd Trlr 9, El Paso, TX 79938  Reported: 07/2014 |
| | 15580 Salt Bush Dr, El Paso, TX 79938  Reported: 12/2013 |
| | 15100 Gwendolyn Dr, El Paso, TX 79938  Reported: 11/2011 |
| | 367 Escalante Dr, Socorro, TX 79927  Reported: 09/2010 |
| | 1287g Reid Rd, El Paso, TX 79927  Reported: 05/2015 |
| | 10308 Reid Rd, El Paso, TX 79927  (915) 858-8769  Reported: 11/2011 |

**Public Record Information** (This section includes public record items obtained from local, state and federal courts.)

Wage Earner Plan Filed 12/2007; US Bankruptcy Court-El Paso; Case or ID # - 0731633; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 03/05/2009; Date Reported 03/11/2009; Prior Disposition - CH-13 Filed; **Address:** 8515 LOCKHEED DR  EL PASO, TX 79925-1218 ; (915) 779-7362

Lien Filed 01/2008; El Paso County Clerk - EL Paso; Case or ID # - 20080007741; Amount - $4,543 ; Class - Federal; **Address:** 500 E SAN ANTONIO AVE RM 105  EL PASO, TX 79901-2420 ; (915) 546-2071

**Collection Agency Information** (This section includes accounts that credit grantors have placed for collection with a collection agency.)

Syndicated Office Systems; Collection Reported 03/2011; Assigned 05/2010; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $887 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 02/2010; Balance as of 03/2011 - $887 ; Individual Account; Account # - 1026281781; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 12/2009; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $1,255 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 09/2009; Balance as of 03/2011 - $1,255 ; Individual Account; Account # - 975046740; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 09/2009; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $695 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 05/2009; Balance as of 03/2011 - $695 ; Individual Account; Account # - 941800677; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Syndicated Office Systems; Collection Reported 03/2011; Assigned 07/2010; Creditor Class - Medical/Health Care; Client - SIERRA Providence East Medical; Amount - $449 ; Status as of 03/2011 - Unpaid; Date of 1st Delinquency 04/2010; Balance as of 03/2011 - $449 ; Individual Account; Account # - 1042559015; **Address:** 770 The City Dr S South 6000-27 Orange CA 92868-4900 ; (800) 300-7192

Commonwealth Financial Systems; Collection Reported 05/2015; Assigned 04/2015; Client - Chamizal Emergency Physicians; Amount - $506 ; Status as of 05/2015 - Unpaid; Date of 1st Delinquency 02/2010; Balance as of 05/2015 - $506 ; Individual Account; Account # - D6532613BN1; **Address:** 245 Main St Dickson City PA 18519-1641

Paramount Recovery Systems; Collection Reported 09/2015; Assigned 08/2010; Creditor Class - Medical/Health Care; Client - Questcare ER Del SOL Medical; Amount - $545 ; Status as of 09/2015 - Unpaid; Date of 1st Delinquency 06/2010; Balance as of 09/2015 - $545 ; Individual Account; Account # - MACSQPMS163000653; **Address:** 111 E Center St Lorena TX 76655-9651 ; (254) 857-7007

Paramount Recovery Systems; Collection Reported 09/2015; Assigned 12/2009; Creditor Class - Medical/Health Care; Client - Questcare ER Del SOL Medical; Amount - $240 ; Status as of 09/2015 - Unpaid; Date of 1st Delinquency 09/2009; Balance as of 09/2015 - $240 ; Individual Account; Account # - MACSQPMS162712780; **Address:** 111 E Center St Lorena TX 76655-9651 ; (254) 857-7007

( Continued On Next Page )

5285003525GER-002051448- 774 - 871  - ASD

## CERTIFICATE OF SERVICE

I Certify that a true and correct copy of the attached together with all attachments, exhibits, and supporting papers, were served by sent properly addressed envelope with first class postage duly paid, and hand delivered to the proper prision mail personnel, in accordance with <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988), to:

the Clerk of the Court
for the U.S. District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

Dated and Executed this __30__ day of __September__, 201_6_.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at Adelanto, California.

By: _[signature]_



Yoshio I Acosta
Reg. No 75486-280
FCI Victorville Medium 2
P.O. Box 3850
Adelanto, CA 92301

Legal Mail

Clerk of the Court
U.S. District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

RECEIVED
NOV 14 2016